Good morning, Your Honors. My name is James Todd Bennett, and I am representing the Petitioner, Ramiro Casares-Castellon. And I have a late, had a late 28-J submission. I am assuming that made its way to the Court. I'm having trouble hearing you. Oh, I'm sorry. I made a 28-J submission yesterday. I haven't seen it. If the Court would like, I can provide copies. We'll see it when we get it from the Clerk's Office. Thank you, Your Honor. I assume you already gave it to them. I did, because he filed it. Is it some new Ninth Circuit or Supreme Court case that's controlling on a critical issue? Two, they're more or less responsive to the 28-J letter of the Office of Immigration Litigation. It basically, the Lazaro and then a very old case, Tellez, which sets out the standards for immigration judges and their authority. Okay. It sounds as though it's not going to change the argument. Okay. I have a question for you. Yes, sir. I read the statute that you cited, and I understand your theory on 1003.31c. And I have two questions about that. The first question is, does the immigration judge have discretion to say, what I want filed is a complete application, and that would include the documents. And if you don't file all the documents, I'm going to treat the application as incomplete. No, I would say not. Why not? Authority for the immigration judge comes from two sources. And Tellez, being an old case over 30 years old, spells that out. First of all, it comes from any statutory creation by Congress. Second source would be the regulations enacted under the general delegation by Congress to the Attorney General. But we understand the general theory. I want to get more specific. The reason why she would not be able to, we have a disjunctive in that particular section. In any proceeding before an immigration judge — I'm sorry, I'm looking at the wrong section. In any proceeding before the immigration judge, you get a waiver. A sanction is the waiver of the opportunity to file, and it's disjunctive. Where are you reading now? I'm reading in 31C, and then in reference to the last sentence. Thirty — okay. That was different words. You mean if an application or document is not filed within the time set, that sentence? Correct. I thought that was the sentence you were referring to. And you're talking about the or. Yes, it is. And you're talking about the or on the last part of it. Yes, sir. And the reason why that's important is because under the regulations themselves, under 1212.3, the application is defined as a form I-191. That is the application. I see. So the IJ has no discretion because something else defines the application. Exactly. And what is the section and what are the words on defining the application? That would be found in 8 CFR section 1212.3, and I'll get the exact site if you bear with me just for a second. That would be 1212.CA2. And in that section, originally the I-191 and still could be filed with the district director, which is now part of the Department of Homeland Security, or with the immigration judge, or both. Now, let me ask you something else. Let's assume that you're correct on this theory and that the IJ was mistaken in striking the application because the document was not filed. What is the remedy for it? Is there anything either in a controlling case or a non-controlling case or some regulation that tells what the remedy is for the document not being filed, other than waiver of the opportunity to file the document? Well, I'm assuming you're asking about what the sanctions would be. Right. Are there appropriate sanctions? Of course there are. The appropriate sanction would be if you waive the right to file corroborating evidence, which I might add to that, under the current statute, going beyond the regulation, requires that you, you know, you're controlled by the regulation, the statute, and the instructions for filing. And in that point in time after St. Cyr, we're still using the old operating instructions, and there are instructions at the bottom of the form which doesn't reference documents. At any rate, the sanction would be if you fail to file a document, then the judge at the time of the hearing on hearing the hearing on the evidence taking the testimony of the alien, if it's not corroborated, can make an adverse credibility finding, can say you have not met your burden of proof, because the burden is on the alien to meet the requirement. So the sanction is clearly there. You fail to file, it may be stupid to not to, you know, if you don't file anything on time or according to the judge's instructions, then the sanction has to be did he meet his burden of proof? If he didn't, what's missing? And there's the sanction. Sanction is deportation. Please go ahead. Mr. Bennett, have you been in this case from the beginning? I think so. Okay. Did the immigration judge not warn your client? In rather unharnessed language, what would happen if the documentation was not filed on time? There may have been warnings on the record orally, and assuming that they were translated to him, he would have been aware of those. I reread the My research of the record, and you correct me if I'm wrong, but the IGA ordered the client that the application, they gave the client ample time, many months, in which to comply with the order. And the order was to file certain documents by a date certain. And the IGA expressly warned the client that the application, the application would be And it also advised the client that without the supplementary documentation, the application would be deemed wasted. And in response to the IGA's order, your client did absolutely nothing. Well And the order was simply ignored. And I read in these, in this immigration court practice manual, which you referenced, that the list of consequences, I think it's section, or But preceding that, there is this language in this practice manual that I think you and other counsel referenced, the immigration judge retains the authority to determine how to treat an untimely filing. And my question to you is, as I hear you answering Judge Kleinfeld, that the sanction is only that that documentation can't be considered in evidence. And I think what I need to ask you is, are you saying that the immigration judge does not have the authority to deem the entire application untimely and incomplete and therefore waive and deny? Yes. And the reason being, the manual wasn't in effect at the time. So those guidelines, referring to the BIA manual, what were referred to in the briefs are the local operating procedures. At that time, under regulation, they'd have their local operating procedures. Those procedures clearly don't say anything whatsoever about supplementing an application of that particular sort. Did he have a complete application filed up to that point? Yes. By filing the I-191 under the regulation. Anything, requiring anything more than that beyond the scope of the regulation. The judge doesn't have the authority to make a new form of application using her own forms that she's made up in her own courtroom. I have 13 seconds if I could reserve them. Sure. Thank you, Your Honor. Thank you. No, not at all. It's just what we do. Counsel? May it please the Court. Karen Melnick for the United States. Your Honors, the agency properly deemed Petitioner's application for 212C relief of Let's suppose that the IJ said, you know, I know your application is complete under the definition of an application in the reg, but it's not adequate for me. I want to know some additional things. And they're not outlandish things, but they're not what's required in the application form. And he asks for them. The IJ asks for those things. And the IJ then goes on to say, and if you don't give me those things, I'm going to strike your application. I'm going to treat it as though your application had never been filed because I have decided that an application in your case ought to include these extra things. Can he do that? Yes, Your Honor. And I don't think it's for this particular case. I didn't ask you about this particular case. I gave you a hypothetical case, and you think he can do that. And show me the authority for him being able to do that. Your Honor, the authority is sort of a practical application of the regulations and statutes that the government has cited. Which one? I've got the reg here. Yes, Your Honor. It is 1331C. It is 1240.1C and 1229A. Your Honor won't find – Hold on. I'm sorry. You're not talking about 1003.31? I am. Okay. Yes, absolutely. Okay. Now, where is the authority in there? Your Honor, you're not – you won't find the specific language in the hypothetical that Your Honor just gave me. It is not there. But the government suggests that the regulation and statute, together with matter of R.R., the precedent the Board relied upon, that it is a reasonable application of these regulations. I'm having trouble with that. Let me explain why. It looks to me as though in the absence of some reg saying he can do that, that the IJ cannot do what I described in my hypothetical case. What he can do is say, in your case, I really need to see this evidence, and I'm going to give you more time to submit the evidence, and here are the documents I want. And then that date comes and goes, and no documents come in. It looks to me as though what he can do about it, and all he can do about it, is under subsection C, and because of the or, the right to file the document is waived. And if the document is critical to the alien winning his case, tough luck. Your Honor, I would suggest that reading the phrase in isolation of the provision, the entire provision, and then in isolation of the regulatory scheme itself. I don't want to read it in isolation and out of context. So you show me the other words that give it the sense that you want it to have. That the first sentence where it talks about filing of application and related documents, the government is suggesting that the written order, which the Petitioner did receive, explicitly required that these documents that go to the heart of the discretionary decision for 212C relief must be submitted so that the judge. Now, I read that first sentence just as giving the IJ the power to grant continuances and extensions of time. But it's related to the final path. Yeah. Continuances and extensions of time for filing applications and related documents and responses. That's what it says. Your Honor, there is no board precedent decision addressing this specific disjunctive, conjunctive. It's not there. It's not that confusing. It's just plain English. Is there another decision from another circuit or something like that? No, Your Honor. I looked, and there is no decision directly addressing the specific instance. I mean, this isn't hard to read. It's plainer English than a lot of regs. I appreciate that. Yet the sort of the court would be unworkable if the immigration judge or any judge, frankly, required or ordered a litigant to provide certain documents so that the issues were narrowed for the court, for also the benefit of the opposing party who might want to call rebuttal witnesses or impeachment witnesses, and for a litigant to simply ignore the order. It's not the case where the petitioner won, either objected to the order or said, I need more time to comply. Well, sometimes in other kinds of litigation, there is something that the judge would like to see, the jurors would like to see it, and you don't want them to see it because it's going to cause a lot of confusion in the case and lead them to what you think is an erroneous verdict. We've all been in that situation as trial lawyers. And so what you do is you don't give it to them, you don't ask the question, and you let them just go with what they've got, the instructions on what has to be proved and the burden of proof and the evidence they've got. And sometimes they even ask a question of the judge. Well, we'd like to see this. And the answer is go with what you've got. And I don't understand why an asylum applicant or a 212C relief applicant or somebody else in immigration court can't do the same thing. Well, I think it's more a practicality and necessity decision to have an applicant walk in and say, well, Your Honor, I know we had 18 months to supply these documents that you asked for. We didn't object. We didn't ask for more time. But I'm here now with my ten witnesses, and we'd like to put on our case. Suppose the I.J. says in a hardship case, I want to see something, I want to see a letter from your wife saying what a hardship it will be if you have to go back to Mexico. And the applicant, the wife is formally the applicant, I guess, but the real applicant goes back to his wife and says the I.J. wants to see this letter. Well, she says she really disapproves of his girlfriend, and she doesn't care if he does go back to Mexico and she's not going to give him the letter. It seems to me he's going to go with what he's got. That's true, Your Honor. But in this case, the petitioner didn't, essentially, as Judge Stafford said, was silent, didn't say anything. Perhaps the immigration judge would have. You're not going to say anything in the hypothetical I just gave you? I'm sorry, Your Honor. I mean, the hypothetical I just gave you, you're not going to tell the judge, well, my wife won't give me the hardship letter because she doesn't like my girlfriend? No, you're not going to say that specifically, obviously, but you might at least respond to the judge's order in some fashion, even if it's to say that I can't comply. And in this case, there was nothing from the petitioner, even if it was to say we can't comply with this order, but we're ready today and we're going to go forward. That wasn't this case. This is a case where they just ignored the order and expected to still go forward. And in light of the immigration docket, which I'm sure we're all aware of, to not be able for the immigration judge to have some power to control the docket and manage the courtroom would just be simply unworkable. Why? Why isn't the power set up by this deemed waived language? Well, I told you I needed a letter from your wife, and you don't have the letter from your wife. You have waived the opportunity to give me the letter from your wife, and without that you haven't shown hardship and you don't have another chance to put it in. You lose. Well, I think it's a matter of discretion that the I.J. is afforded. And in this case, perhaps in that case, the I.J., again, having the discretion to say, well, I'll accept your testimony, let's go forward. But in this case, these are all documents that either were in the possession of the petitioner or could be created by the petitioner himself. Remind me what they were. Here, I think it was the girlfriend in America and the wife in Mexico rather than the other way around. The written order of August 11th, 2003, it's in the record at 273. It says, further, the application will be deemed incomplete unless the following is submitted with the application  What is Xed or checked is a detailed sworn declaration of the Respondent and witnesses regarding which is also checked, evidence of a conviction, rehabilitation, and or completion of court-imposed conditions. Also a detailed sworn declaration of the Respondent and witnesses. And then other was a witness list so that the immigration judge and the other side would at least have some knowledge of what was going to be discussed in court that day. As Your Honors are well aware, the factors for determining a 212C application are many, which was laid out by this court in Yepes-Prado v. INS. The application form 191 that counsel – I see my time is up. I don't know if I'm – He needed something under one of those check marks. He needed something from his wife in Mexico about how he needed to continue to earn money in the United States to send back to her what he wasn't spending on his girlfriend in the United States. That might have been a hard declaration to come up with. Well, at least some response, Your Honor, even if it's to say that I can't. That's the government's position. Thank you, counsel. May I have – Please, go ahead. Yes. In the procedure before the immigration judge, is there a procedure where there can be an objection made to the request for documents or other evidence? Is there in the procedure before the immigration judge anything similar to what we might have under the Federal Rules of Civil Procedure where you could say, Your Honor, I don't think that that's a relevant document and we object on that basis, or this is a very sensitive matter and I would be glad to show it to the court in camera or anything? Is the practice – and I'll ask Mr. Bennett when it's his time to respond to the question – does the immigration judge have that latitude, that discretion in proceedings before him or her? I believe that the immigration judge does. I don't have a site for a provision that specifically is addressing what Your Honor is asking me. I don't think there's anything preventing a counsel to object to some part of an order. I mean, I guess what I'm – as this discussion this morning has gone on, concerned about somebody who might believe that the judge was way off base asking about inquiring into this area and just saying, I'm going to ignore it, as contrasted to somebody saying, you know, I don't think that's proper or I have an objection. And I'm – this is just a question of procedure, if you know. I don't know the specific procedure, but I think an attorney is under an obligation if they believe that the court is asking for something that is essentially, you know, illegal or something that's way off the chart that they have an obligation to at least make a record. Okay. Thank you. Is there anything that explains why the I.J. didn't just say you lose instead of I deem your application not filed? I mean, he had a lousy case. Yes, Your Honor. I don't have an answer for that, for why. Just decided on the basis of what was before him and he doesn't have much of a case. I mean, the I.J. could have let the Petitioner, you know, uncorroborated with nothing. I suspect, and I would be guessing, that in light of the factors that the I.J. must have to balance, you know, those favorable and nonfavorable factors to make a 212c decision, that the uncorroborated testimony of one witness, the witness, the Petitioner, would simply have not been enough in any event because of all the things that they must consider. So rather than going through the motion and having them testify ñ That's not just motions. I mean, he gets past all the barriers because of the St. Cyr decision and let's say because of your adversary's reading of the last sentence of the subsection of the regulation. So that, all it does is get him into court. And he still can't show any good excuse for granting him the right to stay in the U.S. since he's not legally in the U.S. Exactly. He's a drunk driver who gets mixed up with cocaine. Subsequent record from the original 1990s. And his wife is in Mexico. He's got nothing. That's correct, Your Honor, which is why I said in terms of a practicality is that this is a reasonable reading of the statute. It's not plainly erroneous or contrary to the regulation. And that it's a, again, a practical application of those regulations so that decisions can be made by an informed court. A girlfriend is not a qualifying relative, right? That's correct. So the girlfriend in the U.S. just couldn't keep him here. That's correct. Thank you. Counsel, you had a few seconds left. Real quickly, Your Honor. The problem that's in front of the court for practicality, that can be solved by the Respondent simply enacting new regulations if he wants to add those kind of issues. He's bound by their statutes and their regs. They can't go outside of it. An immigration judge being an administrative law judge. The second point, if, yeah, and then again, we do have this sanction that arises clearly under the hypothetical posed here and clearly under the statute. If he didn't, we wouldn't be here today if the immigration judge simply said, all right, we'll have your hearing. I don't believe you. You're not credible or you haven't met your burden. To me, it seems perfectly obvious that if this had gotten past the various procedural barriers, and I think maybe it did or should have been deemed to, that the IJ would have said what I just said probably in somewhat more delicate terms, but I would hope not much. You don't have a case. You have no hardship to family in America because your wife is in Mexico. Your girlfriend is not a qualifying relative. And you have various criminal strikes against you and nothing much for you except you've been an illegal alien for a long time. I think that would have been the case and you would have lost it. Is there any way we can just cut to the chase on this? No. I think that's what she should have done. That's what the regulatory scheme requires of the judge. That's what the statutes require of the judge. She's got to hear the testimony. She doesn't feel he met his burden. She has the discretion under this particular form of relief to deny it and throw it out. So there's the thing. But she didn't. She did not. She didn't go where she had to go under her family immigration. That's the problem. Thank you, counsel. We have one more question. Judge Stafford. If this Court granted your request and sent it back, how would the record look any different, assuming that everybody put in everything that there is? There still would be no response to the IJ's demand, request of your client to submit this documentation, right? Well, if we'd be sending it back and end up with the same result as Judge Feinstein felt says, two-word order, you lose. I mean, is it going to be any different if it goes back? Well, the judge has a duty to hear the case or hear the witnesses, and the witness has the right to present the evidence. That's what needs to happen when it goes back down, if it goes back down, if you remand it. Depending on the scope of the remand order, but under the limited relief that he can find in this case is to get his day in court, basically, his hearing. Who knows? We don't know what the testimony is at this point. Okay. Thank you, counsel. Thank you, sir. Cassarys Castellon is submitted.
judges: Stafford, Kleinfeld, Thomas